IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela Williams,

        Plaintiff,

  v.

Teamsters Local 284, et al.,

        Defendants.

Case No. 2:11-cv-310

Judge Graham

Magistrate Judge Kemp

OPINION AND ORDER

This matter is before the court on defendants' motion to dismiss two of plaintiff's seven counts pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants Teamsters Local 284, Paul Suffoletto, and Allen Price assert that Teamsters Local 284 does not qualify as an employer under Title VII of the Civil Rights Act of 1964 (Title VII), and that for purposes of counts arising under that Act the Court lacks subject matter jurisdiction. Doc. 24 at 1.

**I.    Factual Background**

Plaintiff Angela Williams brings a seven-count complaint alleging that defendants discriminated and retaliated against her based on her sex in violation of the Civil Rights Act of 1964 and Ohio law (Counts I, II, V, and VI), that she did not receive overtime pay in violation of the Fair Labor Standards Act and Ohio law (Counts III and IV), and that defendants intentionally inflicted emotional distress (Count VII). Doc. 2.

Count I alleges that between 2005 and plaintiff's termination in 2011, defendant Allen Price, president of defendant Teamsters Local 284, subjected plaintiff to unwelcome sexual behavior including gazing at, discussing, and throwing office supplies at plaintiff's breasts, discussing plaintiff's undergarments, viewing and demanding that others view pornographic websites in the

workplace, giving plaintiff sexual gifts including penis-shaped straws and a sex toy, and referring to plaintiff as his "sexitary." Doc. 2 at 4-5. Plaintiff alleges that defendant Price and defendant Paul Suffoletto, secretary and treasurer of defendant Teamsters Local 284, demanded that she engage in sexual activity with a visiting trainer for the International Brotherhood of Teamsters. Doc. 2 at 6. When plaintiff refused, defendants demanded her resignation. Doc. 2 at 6. Count II alleges that defendants terminated plaintiff's employment in retaliation for complaining about defendants' actions.

Plaintiff's complaint alleges that "Teamster Local 284 is an employer as defined under Title VII of the Civil Rights Act of 1964. Teamster Local 284 issues annual wage earning statements (IRS Form W-2's) to over fifty individuals/employees each year." Doc. 2 ¶ 14. Since filing this motion to dismiss Counts I and II for lack of subject matter jurisdiction, the parties have engaged in some discovery. In addition to briefs on defendant's motion, each side, has submitted some evidence in the form of documents or affidavits that could support their respective positions. Plaintiff has submitted W-2 forms from Teamsters Local 284. See doc. 36 at 3. Defendants have submitted the affidavit of defendant Suffoletto, in which he asserts that at no point during plaintiff's employment with Teamsters Local 284 did the union employ 15 or more employees. Doc. 42 ex. A ¶ 3. The affidavit also asserts that twenty-one of the individuals to whom defendant Teamsters Local 284 provided W-2 forms in 2010 and 2011 were stewards or negotiating committee members who, according to defendant Suffoletto, do not qualify as employees under Title VII. Doc. 42 ex. A ¶¶ 6,7. According to Suffoletto, these employees "are not hired or fired by Teamsters Local 284. . . . Teamsters Local 284 does not supervise or direct stewards or negotiating committee members in their duties. . . . Stewards and negotiating committee members are not entitled to Workers'

Compensation benefits or other employment benefits through Teamsters Local 284." Doc. 42 ex. A ¶¶ 10-12.

**II.     Standard of Review**

Defendants style their motion as a "motion to dismiss plaintiff's claims under Title VII of the Civil Rights Act of 1964 due to lack of subject matter jurisdiction." Doc. 24 at 1. The motion provides a single argument that this Court lacks subject matter jurisdiction–because Teamsters Local 284 did not employ enough employees to be considered an employer under the Act. Doc. 24. This argument does not address the Court's subject matter jurisdiction. "The numerosity threshold is an element of the plaintiff's case rather than a jurisdictional requirement." Sanford v. Main St. Baptist Church Manor, 449 Fed.Appx. 488, 491 (6th Cir. 2011) (citing Arbaugh v. Y&H Corp., 546 U.S. 500, 504 (2006) ("[T]he numerical threshold does not circumscribe federal-court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of [plaintiff's] Title VII claim . . . .").) For this reason, the Court construes defendant's motion as one to dismiss plaintiff's Title VII counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted.

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the

complaint as true. Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of her entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56. This inquiry as to plausibility is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Because the parties have placed matters outside of the pleadings before the Court, it is within the Court's discretion to construe defendant's motion to dismiss as one for summary judgment. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1105-06 (6th Cir. 2010). Because discovery is ongoing, only a small amount of material outside of the pleadings is before the court and the parties briefed this motion as a motion to dismiss under rule 12(b)(1). Therefore the Court will not consider defendant's motion as one for summary judgment. Instead, the Court will consider only the pleadings in considering defendant's motion under rule 12(b)(6). After the completion of discovery the parties remain free to move for summary judgment on the issue of whether Teamsters Local 284 is an employer for purposes of Title VII.

**III.  Analysis**

Plaintiff's complaint is sufficient to state a claim that defendant Teamsters Local 284 is an employer for purposes of Title VII. An employer must have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). Defendants claim that Teamsters Local 284 did not employ fifteen or more people in 2010 or 2011. Doc. 24 at 2. Plaintiff alleges the opposite: "Teamster Local 284 is an employer as defined under Title VII of the Civil Rights Act of 1964. Teamster Local 284 issues annual wage earning statements . . . to over fifty individuals/employees each year." Doc. 2 ¶ 14. In the context of a Rule 12(b)(6) motion, this allegation is sufficient to make plaintiff's claim for relief

plausible.

**IV.     Conclusion**

Based on the foregoing reasons, the defendant's motion to dismiss (doc. 36) is DENIED.

IT IS SO ORDERED.

S/ James L  Graham  
James L. Graham  
UNITED STATES DISTRICT JUDGE

Date: December 7, 2012